Wanamaker, J.
 

 This is an original action in mandamus brought by the relator, John M. Hoel, an attorney at law of Darke county, against Edward 03-cubeaux, as auditor of Darke county, for the payment of a bill for legal services and expenses.
 

 It is unnecessary to consider the paper issues made by the pleadings, since many of them disappear in face of the'depositions taken in this cause. The evidence clearly and convincingly shows that
 
 *288
 
 the court of common pleas of Darke county authorized the board of county commissioners to employ John M. Hoel as assistant prosecuting attorney, “to assist the prosecuting attorney and represent the interest of. Darke county” in certain eases then pending in the court of common pleas; that the board of county commissioners pursuant to such action of the court tendered such employment to said John M. Hoel and that he accepted the same and entered upon the professional service; that later a bill for such service, and the incidental expenses thereto, was presented to the board of county commissioners and by it allowed in the sum of $530; that thereafter the allowed bill was presented to the auditor of the county, requesting him to issue a voucher upon the treasurer of the county for such sum, which the auditor refused to do. The auditor, in a deposition, gave the following as his ground for refusal:
 

 “Because the bill is not itemized in form as required by law and good business practice, and because the county commissioners were without authority to enter a contract for which no compensation was provided.”
 

 Now the creation of county officers is a legislative act; conferring power upon them is also a legislative act. They have no powers as officers save and except such as are clearly conferred by statute. It is undoubted that under Section 2412, General Code, the court of common pleas may authorize the board of county commissioners, upon its application and the application of the prosecuting attorney, to employ additional counsel to assist the prosecuting attorney in any matter of public
 
 *289
 
 business, “in the prosecution or defense of any action or proceeding in ■which such county board or officer is a party or has an interest, in its official capacity.” And that was done in this case.
 

 Under the following section, Section 2413, General Code, “the board of county commissioners shall fix the compensation of all persons appointed or employed under the provisions of the preceding sections, which, with their reasonable expenses shall be paid from the county treasury upon the allowance of the board.” So the question of compensation was a matter in the discretion and judgment of the county commissioners; the auditor had nothing to do with it. It is claimed that there are other statutes requiring bills for services and expenses to be itemized.
 

 At the hearing in this cause the chief objection raised was as to the $30 expenses. The bill showed that this was for two trips to Columbus, from Greenville, Ohio. It could hardly be said that the county commissioners in allowing an attorney $15 for his reasonable expense for a trip which would, of course, include hotel bills, railroad fare to Columbus, return to Greenville, and such other incidentals as were reasonably necessary, such as taxi hire, would be granting an unreasonable amount.
 

 If the bill was a false and fraudulent bill, or if the same was not allowed by the commissioners, though purporting to bear their signatures, the auditor’s full duty would be performed by appearing before the commissioners, calling their attention to the same, and getting a rehearing on the bill. But when the commissioners duly consider and allow the bill and there is no controversy
 
 *290
 
 as to its being genuine and as to certain professional service having been rendered, as was the case in this instance, the mere fact that the auditor may disagree with the board of county commissioners furnishes no good reason why such voucher should not issue. The statute fixing the duties of the county auditor gives him no such discretion by reason of such mere disagreement, especially under the evidence in this case.
 

 Writ allowed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.